# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MISSOURI

Dawn Heimburger,

Plaintiff,

V.

State of Missouri; Judge Julia Lasater, in her individual and official capacities; Sarah Pleban, Guardian ad Litem, in her individual and official capacities; Dr. James Reid; Nerinx Hall High School; Allison Gerli, in her individual capacity; Dr. Asfar Malik; Mia Davita, NP; Serenity Health; Donald J. Trump; Mike Parson; Mike Kehoe; and John/Jane Does 1-10,

Defendants.

Case No. [To be assigned]

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), CIVIL CONSPIRACY, CUSTODIAL INTERFERENCE, AND RELATED CLAIMS

## INTRODUCTION

1. This is a civil action seeking damages and injunctive relief for violations of Plaintiff's constitutional rights, including but not limited to the right to due process under the Fourteenth Amendment, arising from the unlawful loss of custody of Plaintiff's minor children through abuse of legal process and conspiracy among state actors and private individuals in St. Louis County, Missouri.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in St. Louis County, Missouri, within the Eastern District of Missouri.

## PARTIES

4. Plaintiff, Dawn Heimburger, is an individual currently residing at 1606 Imbs Station Road, East Carondelet, Illinois 62240, and previously resided in St. Louis County, Missouri, during the events described herein.

## 5. Defendant State of Missouri is a state government entity.

6. Defendant Judge Julia Lasater is, upon information and belief, a judge of the St. Louis County Court in Clayton, Missouri, and is sued in her individual and official capacities. Judge Lasater was appointed to the bench by Defendant Mike Parson, Governor of Missouri.

7. Defendant Sarah Pleban was appointed as guardian ad litem in Plaintiff's family court case in St. Louis County, Missouri, and is sued in her individual and official capacities.

8. Defendant Dr. James Reid is a psychologist who performed a court-ordered evaluation in St. Louis County, Missouri.

9. Defendant Nerinx Hall High School is an educational institution located in St. Louis County, Missouri, and is named as a defendant due to its involvement in the events leading to the loss of custody.

10. Defendant Allison Gerli is an individual who, upon information and belief, acted in a manner that contributed to the unlawful loss of custody of Plaintiff's children.

11. Defendant Dr. Asfar Malik is a medical professional who provided services relevant to the custody proceedings.

12. Defendant Mia Davita, NP, is a nurse practitioner who provided services relevant to the custody proceedings.

## 13. Defendant Serenity Health is a healthcare provider involved in the custody proceedings.

14. Defendant Donald J. Trump is named in this action due to his role as a public figure whose policies and actions have had a direct impact on the legal landscape affecting family law and custody issues.

15. Defendant Mike Parson is the Governor of Missouri and is named in his official capacity for his role in appointing judges and overseeing the state judicial system.

16. Defendant Mike Kehoe is the Lieutenant Governor of Missouri and is named in his official capacity for his role in the state government.

17. John/Jane Does 1-10 are individuals whose identities are currently unknown to Plaintiff but who participated in the unlawful actions described herein.

## FACTUAL ALLEGATIONS

18. Plaintiff was the custodial parent of her minor children prior to the

events leading to this action.

19. On or about [insert date], a series of events were initiated that led to the involvement of the state and various defendants in the custody of Plaintiff's children.

20. The actions taken by the defendants were motivated by a conspiracy to deprive Plaintiff of her parental rights without due process of law.

21. Defendant Judge Julia Lasater presided over the custody proceedings and made rulings that were arbitrary and capricious, lacking a factual basis and violating Plaintiff's rights.

22. Defendant Sarah Pleban, as guardian ad litem, failed to act in the best interests of the children and instead aligned with the interests of the state and other defendants.

23. Defendant Dr. James Reid conducted a court-ordered evaluation that was biased and did not accurately reflect the circumstances of Plaintiff's parenting.

24. Defendants Nerinx Hall High School and Allison Gerli were involved in providing information that was misleading and detrimental to Plaintiff's case.

25. Defendants Dr. Asfar Malik and Mia Davita, NP, provided medical evaluations that were used against Plaintiff in the custody proceedings without proper justification.

26. The actions of the defendants collectively resulted in the unlawful removal of Plaintiff's children from her custody, causing significant emotional distress and harm.

**27. Plaintiff has exhausted all available state remedies and is now seeking relief in this Court.**

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.**

29. Defendants, acting under color of state law, deprived Plaintiff of her rights secured by the Constitution, including the right to due process.

30. As a direct and proximate result of the actions of the defendants, Plaintiff has suffered damages, including but not limited to emotional

distress, loss of companionship, and financial hardship.

## COUNT II: CIVIL CONSPIRACY

**31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.**

32. Defendants conspired to deprive Plaintiff of her constitutional rights, acting in concert to achieve an unlawful objective.

33. As a direct and proximate result of the conspiracy, Plaintiff has suffered damages as described above.

## COUNT III: CUSTODIAL INTERFERENCE

**34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.**

35. Defendants intentionally interfered with Plaintiff's custodial rights, resulting in the unlawful removal of her children.

36. As a direct and proximate result of the interference, Plaintiff has suffered damages, including emotional distress and loss of parental

rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dawn Heimburger respectfully requests that this Court:

**1. Award compensatory damages in an amount to be determined at trial;**

**2. Grant injunctive relief to restore Plaintiff's custody rights;**

3. Award punitive damages against the individual defendants for their willful and malicious conduct;

**4. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and**

**5. Grant such other and further relief as the Court deems just and proper.**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: [Insert Date]

Respectfully submitted,

[Your Attorney's Name]

[Your Attorney's Address]

[Your Attorney's Phone Number]

[Your Attorney's Email]

Attorney for Plaintiff Dawn Heimburger

Key Points of the Document:

## 1. Jurisdiction and Venue: Establishes the legal basis for the court's authority to hear the case.

2. Parties Involved: Identifies the plaintiff and defendants, including state actors and private individuals.

3. Factual Allegations: Details the events leading to the loss of custody and the actions of the defendants.

4. Claims for Relief: Outlines the legal claims being made, including violations of civil rights, civil conspiracy, and custodial interference.

5. Prayer for Relief: Specifies the remedies sought by the plaintiff, including damages and injunctive relief.

## 6. Jury Demand: Requests a jury trial for the issues presented.